UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOEL ALSTEPHEN DYSON, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-0293** |
| **TANGIPAHOA PARISH JAIL** | **SECTION "D"(4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.      Factual and Procedural Background**

Plaintiff Joel Alstephen Dyson, Jr. ("Dyson") was an inmate housed in the Tangipahoa Parish Jail ("TPJ") when he submitted this *pro se* complaint under 42 U.S.C. § 1983 for filing with the United States District Court for the Middle District of Louisiana. ECF No. 1, at 2 (Deficient Complaint). Because the complaint, when broadly construed, challenges the conditions of Dyson's confinement in TPJ, the case was transferred to this Court. ECF No. 3. Dyson did not pay the filing fee or submit an application to proceed *in forma pauperis*.

On February 14, 2022, the Clerk of this Court sent Dyson a notice of this deficiency which required that he complete the form § 1983 complaint and either pay the filing fee or submit a certified pauper application within twenty-one (21) days of the date of the notice. ECF No. 5. The envelope containing the notice was returned marked "Return to Sender – No Such Number – Unable to Forward" having been mailed to an incorrect address. ECF No. 6, at 2. At the direction of the Court, on March 11, 2022, the Clerk of Court remailed the Notice of Deficiency to Dyson's

prison address at the TPJ. *See* Docket Entry, 3/11/22. The envelope containing the notice mailed on March 11, 2022, has not been returned as undeliverable, and Dyson did not respond to the notice.

On June 24, 2022, the undersigned Magistrate Judge issued a Show Cause Order for Dyson to show cause in writing on or before July 25, 2022, why his complaint should not be dismissed for his failure to prosecute by failing to correct the deficiencies or respond to the Notice of Deficiency. The envelope containing the Show Cause Order was returned on July 15, 2022, marked "Return to Sender – Incorrect Mailing Address for Inmate Personal Mail," apparently because the Clerk of Court failed to include Dyson's prisoner number in the address. ECF No. 8. The Court thereafter ordered the Clerk of Court provide Dyson a duplicate copy of the June 24, 2022, Show Cause Order and gave Dyson through September 7, 2022, to file his response. ECF No. 9. The envelope containing this Order was returned on August 29, 2022, marked "Return to Sender – Inmate Not Here." ECF No. 10. Dyson has not contacted the clerk or the Court about his case and has not provided a current address.

## II.     Standard of Review under Fed. R. Civ. P. 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b). In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See, e.g., Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d

472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

In this case, plaintiff is without counsel and is responsible for the prosecution of his case. A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Information Solutions Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance." *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl*, 660 F.2d at 593.

Furthermore, all litigants are obligated to keep the court advised of any address change. *See* EDLA Local Rules 11.1 and 41.3.1. "[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute." *Lewis v. Hardy*, 248 F. App'x 589, 2007 WL 2809969, at *4 n.1 (5th Cir. 2007).

## III.  Analysis

As noted above, Dyson has not paid the filing fee or filed a request for leave to proceed *in forma pauperis*. He also failed to provide the Court with the preferred form used for filing prisoner § 1983 complaints. He has left this case filing incomplete and made no effort to keep in touch with or contact the clerk or the Court. His failure to do so or provide a current address has impeded the Clerk's ability to communicate his filing deficiencies and the Court's ability to move forward with this case. For these reasons, Dyson's § 1983 complaint should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for his failure to prosecute.

## IV.    Recommendation

It is therefore **RECOMMENDED** that Joel Alstephen Dyson Jr.'s Jacob's § 1983 complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 21st day of September, 2022.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.